**Nurul KHAN, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General of the United States, Respondent.**

**Docket No. 03–4856.**

United States Court of Appeals, Second Circuit.

Sept. 2, 2005.

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. *See* Fed. R.App. P. 43(c)(2).

Salim Sheikh, (David A. Bowen, on the brief), New York, New York, for Petitioner.

Paul S. Padda, Assistant United States Attorney, (Daniel G. Bogden, United States Attorney for the District of Nevada, on the brief), Las Vegas, Nevada, for Respondent.

Present: WALKER, Chief Judge, CALABRESI, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,** that the petition for review is **DENIED.**

Petitioner Nurul Khan petitions for review from an April 9, 2003, order of the Board of Immigration Appeals ("BIA") summarily affirming the May 9, 2001, decision of an immigration judge ("IJ") denying Khan's applications for asylum and withholding of removal. In his petition, Khan argues that the BIA erred in upholding the IJ's findings (1) that his claims of past persecution were not credible or sufficiently detailed and (2) that he had not established a well-founded fear of persecution so as to qualify for asylum. Khan also argues that the BIA acted improperly in affirming the IJ's decision without opinion and that it used the wrong standard of review in refusing to grant Khan relief. We assume familiarity with the facts and procedural history. We deny Khan's petition.

Where the BIA has adopted the reasoning of the IJ or affirmed without opinion, we review the IJ opinion directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). When reviewing the decision of the IJ, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The IJ rejected Khan's claims based, *inter alia,* on (1) the implausibility and incoherence of his claims, and (2) the failure of Khan's mother, an American citizen, to appear or submit an affidavit to corroborate Khan's story. An additional fact supporting the IJ's conclusion that Khan lacked credibility is that, despite his claim that the police in Bangladesh were still looking for him even after his departure from that country, he was able to leave the country using a passport issued in his own name and with his photograph on it. Significantly, Khan offered no explanation for his failure to bring his mother to the hearing to corroborate his story of detention and physical abuse, despite the fact that she was present in the United States and the fact that Khan was on notice that the absence of her testimony was troubling for the IJ. These failings, along with others cited by the IJ, were significant, and the IJ was entitled to rely on them in refusing to credit Khan's claims that he had been persecuted. Therefore, the IJ's decision is supported by substantial evidence in the record.

We have carefully considered Khan's remaining arguments and find them to be without merit.

For the reasons set forth above, the petition for review is **DENIED.**